UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,

     Plaintiff,

v.                                                            Case No.:  2:25-cv-1003-SPC-DNF

MUSCA PROPERTIES, LLC,

     Defendant.

## OPINION AND ORDER

Before the Court is Defendant Musca Properties, LLC's motion to dismiss the first amended complaint ("FAC").  (Doc. 20).  Plaintiff Jeffrey Joel Judy responded.  (Doc. 24).  For the reasons below, the motion is denied.

## Background

This is an action brought under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").  Plaintiff is a double leg amputee and requires a wheelchair for mobility.[1]  Defendant owns a large shopping center with several stores and restaurants in Naples, Florida ("Property").  Plaintiff visited the Property several times in 2025 and plans to visit again in March and September of 2026, as well as other occasions.  (Doc. 13 ¶ 10, 13).

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

When he last visited the Property, Plaintiff found several disabled parking spaces inaccessible for various reasons. For instance, some are inaccessible due to "large built-up ramps which protrude into the access aisles of the intended ADA parking spaces." (*Id.* ¶ 17(A)). These ramps posed "a dangerous falling hazard" for Plaintiff as he attempted to park and exit his vehicle. (*Id.*). Plaintiff also claims that the Property's disabled parking signage is inadequate. (*Id.* ¶ 17(B)). This results in able-bodied persons occasionally parking in spaces designated for disabled persons. Finally, Plaintiff alleges that several curb ramps leading from disabled parking spaces to the Property's sidewalk are inaccessible due to "excessive" and "steep" slopes. (*Id.* ¶ 17(C)). These barriers continue to exist, and there are no current plans to alter them.

Plaintiff brings a single claim under the ADA against Defendant, seeking an injunction directing Defendant to make the Property accessible to and useable by disabled persons. Defendant moves to dismiss the FAC, arguing that Plaintiff lacks standing to bring this suit.

## Legal Standard

"A motion to dismiss for lack of standing challenges subject-matter jurisdiction, so Rule 12(b)(1) governs." *Parks v. Richard*, No. 220CV227FTM38NPM, 2020 WL 2523541, at *1 (M.D. Fla. May 18, 2020) (citation omitted). Attacks on subject matter jurisdiction under Rule

2

12(b)(1) come in two forms, "facial" and "factual" attacks. *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (internal citations omitted). Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding the motion. *See id.* Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. *See id.* "In resolving a factual attack, the district court may consider extrinsic evidence." *Id.*

## Analysis

As an initial matter, the Court addresses whether Defendant's challenge may be considered under a factual attack standard. Plaintiff argues that the Court should not entertain a factual attack and consider the affidavit or documents Defendant cites in its motion. The Court rejects Plaintiff's arguments on that score.

A district court only may apply Rule 12(b)(1)'s factual attack standard where "the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *Kennedy v. Floridian Hotel, Inc.*, No. 0:18-CV-62486-UU, 2020 WL 9762992, at *7 (S.D. Fla. Jan. 28, 2020) (internal quotation omitted), *aff'd & remanded*, 998 F.3d 1221 (11th Cir. 2021). To that end, the Eleventh Circuit has specifically held that a district court may apply the Rule 12(b)(1) factual attack standard where an ADA defendant challenges the plaintiff's standing to seek injunctive relief because the facts necessary to

prove future injury are not "inextricably intertwined" with the merits of a plaintiff's ADA claim. *See Floridian Hotel,* 998 F.3d at 1231–32 (citation omitted). This approach permits a district court to "make credibility determinations and weigh . . . evidence." *Id.* at 1232 (citation omitted). Defendant only challenges whether Plaintiff establishes a threat of future injury for the purpose of seeking injunctive relief. Therefore, the Court may apply the factual attack standard.

The Court now turns to standing. "To demonstrate standing under Article III, the plaintiff 'must show that he has suffered an 'injury-in-fact[,]' that there is 'a causal connection between the injury-in-fact and the challenged action of the defendant[,]' and that 'the injury will be redressed by a favorable decision.'" *Lopez v. Fairwinds SB LLC*, No. 24-CV-24255, 2025 WL 582746, at *2 (S.D. Fla. Feb. 21, 2025) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). Because Plaintiff "seeks injunctive relief, which is the only form of relief available to plaintiffs suing under Title III of the ADA[,]" he must demonstrate "a real and immediate threat of future injury" if an injunction is not granted. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013).

The Eleventh Circuit has approved of a four-factor test to determine whether an ADA plaintiff "faces a real and immediate threat of future injury": "(1) the proximity of the defendant's business to the plaintiff's residence; (2)

the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business." *Id*. at 1337 n.6.   The four factors "are not exclusive and that no single factor is dispositive." *Id.*

Weighing these factors, the Court finds Plaintiff has standing to bring this suit.   First, the proximity factor favors Plaintiff.   He resides in North Fort Myers, which is located within Lee County.   The Property is in the next county over, Collier County, about forty miles away.   This is close enough to support Plaintiff's claim of a future injury.   *See id*. at 1336 (finding plaintiff had standing to bring ADA claim where he lived "30.5 miles away . . . in the next county" rather than "hundreds of miles away from the store").

The past patronage factor also counsels in favor of standing.   Plaintiff alleges that he visited the Property several times prior to filing this action. Plaintiff last visited the Property on October 11, 2025, when he shopped at two of its stores.   (Doc. 13 ¶¶ 10, 11).   Although Defendant calls these allegations "vague," it does not dispute that Plaintiff visited the Property or patronized the stores on the dates provided.   (Doc. 20 at 6).

As for the definiteness of Plaintiff's plans to return, Defendant argues the plans are too generalized to find standing.   Not so.   Plaintiff alleges that he plans to return to the Property in March and September of this year.   These specific allegations suffice;   thus, the cases Defendant cites are inapposite.   (*See*

*id.* at 9) (citing *Kennedy v. Beachside Com. Props., LLC*, 732 F. App'x 817, 822 (11th Cir. 2018) (noting "a generalized intent to return to the premises and/or the area" is not sufficient to find standing)).

Defendant also observes that the same stores Plaintiff patronized have locations closer to his residence and offers maps detailing as much. (Doc. 21). This argument misses the mark. Plaintiff offers a valid reason for visiting the store locations at the Property, namely that they are close to beaches he enjoys. Even considering the evidence Defendant offers, Plaintiff's allegations are sufficient. *See Houston*, 733 F.3d at 1336 (finding standing where the supermarket the plaintiff planned to visit "is not the closest supermarket to [his] home" but was close to an area he visits "on a regular basis"). So this factor favors Plaintiff.

Next, the frequency of Plaintiff's travel to the area supports standing. Plaintiff alleges he "often travels to the Naples area where the Property is located because he loves visiting the beaches in Naples" and has done so "several times a year for the last ten or more years." (Doc. 13 ¶ 12). Defendant argues these allegations are insufficient because the Naples area covers "about 16.4 square miles in total area," so Plaintiff does not "establish" he will travel close to the Property. (Doc. 20 at 7). But Plaintiff alleges he enjoys traveling to "the Naples area **where the Property is located**." (Doc. 13 ¶ 12) (emphasis added). So, contrary to Defendant's argument, Plaintiff's

6

description of the "Naples area" is not vague in context.  And despite launching a factual attack on jurisdiction, Defendant produces nothing which challenges the veracity or feasibility of Plaintiff's visits.

Finally, Defendant emphasizes that Plaintiff is a repeat litigant who "visits similar properties for the sole purpose of investigating ADA compliance." (Doc. 20 at 8).  In support, Defendant provides a list of lawsuits filed by Plaintiff against various businesses.  (*Id.* at 13–21).  But the fact Plaintiff is a serial litigant does not alter the analysis.  *See Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1218 (M.D. Fla. 2012) ("[E]ven considering Plaintiff's other lawsuits, it is not implausible that [he] . . . visited, and intends to return to, numerous businesses in his area.").  And courts routinely conclude that ADA tester plaintiffs have standing.  *See Payne v. Gulfstream Goodwill Indus., Inc.*, No. 15-CV-81120, 2015 WL 6123529, at *3 (S.D. Fla. Oct. 19, 2015) ("[N]othing in the ADA's statutory language precludes standing for tester plaintiffs.") (cleaned up and citations omitted); *Campbell v. Grady's Bar, Inc.*, No. 0:10-CV-60648-LSC, 2010 WL 2754328, at *3 (S.D. Fla. July 12, 2010) (noting it is plausible a serial ADA litigant "wished to frequent each business but encountered disability discrimination" at all of them).  Moreover, Defendant fails to offer any evidence that Plaintiff's allegations in this case are untrue.  So Defendant's argument regarding Plaintiff's involvement in unrelated cases is unmoving.

7

Accordingly, it is **ORDERED:**

Defendant Musca Properties, LLC's Motion to Dismiss the First Complaint (Doc. 20) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record